PER CURIAM.
Defendant Florida Power & Light Company (“FP & L”) appeals an adverse final *728 judgment finding it liable for injuries caused to plaintiffs John and Jack Estupi-nan (“plaintiffs”). The plaintiffs were injured in a car accident when their car was struck by another vehicle whose driver failed to yield the right-of-way. The impact spun the plaintiffs’ car off the pavement, and into an FP & L streetlight pole on the sidewalk.
The plaintiffs introduced into evidence pictures of the pole at trial. The pictures, which depict multiple nicks and dents and bruises on the pole, show that the pole had been battered quite a bit. However, contrary to the inference arguably raised by these pictures, FP&L records for the five years preceding this accident do not reveal reports of any prior injury claims against FP & L as a result of collisions with the pole.
This court has previously observed that the mere “placing or maintaining [of] a pole in close proximity to a roadway does not create a duty on the part of the utility company.” Florida Power & Light Co. v. Macias, 507 So.2d 1113 (Fla. 3d DCA 1987), rev. dismissed, 513 So.2d 1060 (Fla.1987), rev. denied, 518 So.2d 1276 (Fla.1987).
In the absence of evidence that FP & L had specific knowledge of other accidents involving the pole, the location of the pole in and of itself was not the proximate cause of the plaintiffs injuries as a matter of law. See Speigel v. Southern Bell Tel. & Tel. Co., 341 So.2d 832 (Fla. 3d DCA 1977); Middlethon v. Florida Power & Light Co., 400 So.2d 1287 (Fla. 3d DCA 1981). Accordingly, it was error for the trial court to deny FP & L’s motion, and we reverse and remand with directions to enter a verdict in favor of FP & L.
Reversed and remanded with directions.